IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DUKE UNIVERSITY and            )
ALLERGAN, INC.,                )
                               )
          Plaintiffs,          )
                               )
     v.                        )     1:14CV1028
                               )
APOTEX, INC. and APOTEX CORP., )
                               )
          Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiffs' Motion for Leave to File a Second Amended Complaint. (Docket Entry 13.) For the reasons that follow, the Court will grant the instant Motion.[1]

### BACKGROUND

Plaintiffs commenced this action by filing a Complaint alleging infringement by Defendants of United States Patent No. 8,906,962 ("the '962 patent"), held by Plaintiff Duke University. (Docket Entry 1 at 1, 3.) One month later, Plaintiffs amended

---

[1] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation. See also Everett v. Prison Health Servs., 412 F. App'x 604, 605 & n.2 (4th Cir. 2011) ("[The plaintiff] moved for leave to amend her complaint . . . to add . . . a defendant . . . and to add a state-law claim of medical malpractice against [that new defendant]. After a hearing, the magistrate judge denied [that] motion. [The plaintiff] timely objected, thereby preserving the issue for review by the district court. . . . [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).").

their Complaint as of right to further allege infringement by Defendants of United States Patent No. 8,926,953 (the '953 patent), held by Plaintiff Allergan. (Docket Entry 11 at 1, 4.) Both patents concern Latisse, a product which promotes eyelash growth and/or eyelash darkening. (Id. at 4.)

Plaintiffs now seek to file a Second Amended Complaint that removes all allegations of infringement of the '962 patent (thus also removing Plaintiff Duke University as a Party) and narrows the scope of Plaintiffs' allegations of infringement as to the '953 patent. (See Docket Entry 13 at 1-2; see also id. at 9-20 (proposed Second Amended Complaint).) Defendants oppose amendment as to the removal of the claims concerning the '962 patent unless the Court declares such claims dismissed with prejudice. (Docket Entry 20 at 4.) Defendants also oppose amendment as to the narrowing of claims concerning the '953 patent on grounds of futility, because Defendants contend that issue preclusion bars any assertion of Plaintiffs' rights as to that patent. (Id.) Plaintiffs replied. (Docket Entry 28.)

Since the filing of Plaintiffs' instant Motion, Defendants moved to dismiss the Amended Complaint (Docket Entry 14), Defendants answered the Amended Complaint and asserted counterclaims (Docket Entry 19), and Plaintiffs moved to dismiss those counterclaims (Docket Entry 23).

DISCUSSION

Given Defendants' refusal of consent, Plaintiffs "may amend [their] pleading only with . . . the [C]ourt's leave. The [C]ourt should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, the Court has discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Foman v. Davis, 371 U.S. 178, 182 (1962). Accordingly, "the federal rules strongly favor granting leave to amend." Medigan of Ky., Inc. v. Pub. Serv. Comm'n, 985 F.2d 164, 167-68 (4th Cir. 1993). Furthermore, as the Fourth Circuit has noted, "[t]he law is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original).

Plaintiffs' instant Motion first seeks to remove all allegations of infringement as to the '962 patent (held by Plaintiff Duke University) and to remove Plaintiff Duke University as a Party. (Docket Entry 13 at 1.) Defendants do not appear to oppose such amendment outright (Docket Entry 20 at 6, 8-9), but they contend that, should the Court allow Plaintiffs to drop their claim concerning the '962 patent, "leave should be conditioned on

-3-

Case 1:14-cv-01028-CCE-LPA   Document 31   Filed 05/19/15   Page 3 of 9

considering Plaintiffs' '962 patent infringement claims to be dismissed with prejudice." (Id. at 4.)[2] In that regard, Defendants contend:

> Here, Plaintiffs have asserted numerous patents against [Defendants] under multiple case numbers spanning nearly five years. Perhaps in an attempt to preserve the validity of the '962 patent, Plaintiffs appear to seek to withdraw that patent. Because Plaintiffs are able to reassert the '962 patent at their option, the "substantial interest of finality in litigation" is not served here without conditioning Plaintiffs' leave to file their Second Amended Complaint on considering claims [relating to the '962 patent] to be dismissed with prejudice.

(Id. at 8.) In other words, Defendants appear to assert that allowing Plaintiffs to remove the '962 patent from their Complaint would prejudice Defendants by prolonging the prospect of litigation over the '962 patent. (See id.)

Although the Court has the discretion to impose conditions on a grant of leave to amend (such as deeming eliminated claims dismissed with prejudice) the general approach considers an amended complaint which removes previously asserted claims as akin to a voluntary dismissal without prejudice. See Martin v. MCAP

---

[2] Although Defendants state generally that "the Court should deny Plaintiffs' Motion for Leave [to Amend]" (Docket Entry 20 at 4), Defendants do not make any arguments to support denial of the instant Motion as it relates to the '962 patent (see id. at 4-9). Furthermore, Defendants' pending Motion to Dismiss does not mention the '962 patent and seeks dismissal only of claims concerning the '953 patent. (See Docket Entry 16 at 2-18.) Instead, in opposing the instant Motion, Defendants emphasize that leave to amend must be styled as a dismissal with prejudice. (See Docket Entry 20 at 8-9.)

-4-

Christiansburg, LLC, No. 7:14cv464, 2015 WL 540183, at *2-3 (W.D. Va. Feb. 10, 2015) (unpublished). In seeking to avoid application of that general rule, Defendants cite to a recent Fourth Circuit case in which the court upheld a denial of leave to amend, in part, on the basis that granting such leave "'would undermine the substantial interest of finality in litigation.'" (Docket Entry 20 at 8 (quoting United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc., 707 F.3d 451, 461 (4th Cir. 2013)).)

However, in that case, two years had passed since the relator filed the action, the relator had previously amended his complaint three times, and the district court had already dismissed the third amended complaint under Federal Rule of Civil Procedure 12(b)(6). See United States ex rel. Nathan, 707 F.3d at 461. Moreover, the relator sought to add rather than remove allegations from his complaint, see id. at 461, and the Fourth Circuit explained that permitting the filing of a fifth complaint would "unduly subject [the defendant] to the continued time and expense occasioned by [the plaintiff's] pleading failures," id. In contrast, given the early stage of this litigation and the fact that Plaintiffs seek to file an abridged version of their amended complaint, which asserts no new claims or legal theories, Defendants do not face the kind of prejudice that would support denial of amendment.

Finally, as Plaintiffs have noted, the Fourth Circuit has observed (in the context of voluntary dismissal) that "'prejudice

-5-

to the defendant does not result from the prospect of a second lawsuit' and 'the possibility that the plaintiff will gain tactical advantage over the defendant in future litigation.'" (Docket Entry 28 at 6 (quoting Davis v. USX Corp., 819 F.2d 1270, 1274-75 (4th Cir. 1987)).) Thus, the fact that Plaintiffs may have made a strategic decision to seek voluntary dismissal of the '962 patent claims and may reassert those claims later does not alone prejudice Defendants. Under these circumstances, the Court will not impose any conditions in granting Plaintiffs' instant Motion as to their request to eliminate claims for infringement of the '962 patent and will deem such claims dismissed without prejudice.

Plaintiffs' instant Motion also seeks to narrow the scope of the claimed infringement as to the '953 patent. (Docket Entry 13 at 1.) Whereas Plaintiffs' Amended Complaint alleges infringement of the '953 patent generally (see Docket Entry 11 at 11-16), the proposed Second Amended Complaint limits the allegations of infringement to claims 8, 23, and 26 of that patent (see Docket Entry 13 at 14-18). Defendants oppose such amendment as futile on grounds that issue preclusion bars any assertion of the '953 patent against Defendants. (Docket Entry 20 at 6-7.)

"An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." Syngenta Crop Prod., Inc. v. EPA, 222 F.R.D. 271, 278 (M.D.N.C. 2004)

-6-

(Tilley, C.J.).  A plaintiff fails to state a claim when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."  Johnson, 785 F.2d at 510 (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)).

Here, Defendants assert that the '953 patent's claims demonstrate substantial similarity to previously litigated patents invalidated by either the Federal Circuit or this Court.  (Docket Entry 20 at 7.)  However, in responding to Defendants' pending Motion to Dismiss, Plaintiffs have made at least plausible arguments against the applicability of issue preclusion in this case.  (See Docket Entry 25 at 15-22.)  For instance, Plaintiffs assert that the '953 patent claims "methods . . . to increase eyelash darkness," whereas the previously litigated patents claimed only methods to stimulate eyelash growth.  (Id. at 15-16.)

Moreover, Plaintiffs raise legitimate concerns as to the appropriateness of resolving an affirmative defense such as issue preclusion at the Rule 12(b)(6) stage.  (Docket Entry 25 at 22-23.) In that regard, the Fourth Circuit, in the context of denying a

-7-

motion to dismiss on grounds of issue preclusion and claim preclusion, stated:

> A motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses. In the limited circumstances where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6), but only if it clearly appears on the face of the complaint.

Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993). Without addressing the substance of that contention as it applies to this case, the Court does find that such considerations counsel against effectively ruling on issue preclusion in the context of deciding a motion to amend. In sum, Plaintiffs' proposed amendment as to the '953 patent does not qualify as "clearly insufficient or frivolous on its face," Johnson, 785 F.2d at 510.

## CONCLUSION

Plaintiffs have shown a basis to permit their proposed further amendment of their Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket Entry 13) is **GRANTED.**

**IT IS FURTHER ORDERED** that, on or before May 22, 2015, Plaintiff Allergan shall file the proposed Second Amended Complaint (Docket Entry 13 at 9-20). Plaintiff Allergan's filing of a Second Amended Complaint will render moot Defendants' Motion to Dismiss

(Docket Entry 14) and Plaintiffs' Motion to Dismiss Defendants' Counterclaims (Docket Entry 23).

                                /s/ L. Patrick Auld
                                  **L. Patrick Auld**
                            **United States Magistrate Judge**

May 19, 2015